**Driscoll v. Walker**

C.P. of Lackawanna County, no. 99 CV 3027.

*Thomas J. Foley III,* for plaintiff.
*John T. McGrath* and *Benjamin A. Nicolosi,* for defendants.

MINORA, *J.,* March 27, 2001—

## I. INTRODUCTION

Currently before the court is the plaintiff's motion to preclude duplicative independent medical examinations. By way of background, plaintiff filed a complaint in this instant action alleging negligence and resultant injuries from a June 26, 1997 motor vehicle accident,

in which the plaintiff alleges multiple injuries including injuries to her right shoulder. Subsequently, on March 26, 1998, plaintiff re-injured her right shoulder while in the course and scope of her employment with N.E.I.U. no. 19. Defendants' law firm represents not only the defendants in the instant action, but also plaintiff's employer in the workers' compensation proceeding pending before the Honorable William J. Hall. The injury issues in both this action as well as those in the workers' compensation proceeding involve questions regarding the nature and the scope of the injuries to plaintiff's right shoulder in the subject June 26, 1997 motor vehicle accident and in the March 26, 1999 workers' compensation incident.

Apparently the unusual facts of this case reveal the defendants' law firm wants to conduct two separate independent medical examinations for the auto accident and workers' compensation case respectively. Plaintiff has resisted that attempt by filing this instant motion to preclude duplicative medical examinations on July 21, 2000. Defendants filed an answer to plaintiff's motion to preclude duplicative independent medical examinations on August 22, 2000. The plaintiff filed a supportive brief on January 5, 2001 and the defendants filed their brief in opposition thereto on January 16, 2001.

The court entertained oral argument on January 25, 2001 thus rendering this matter ripe for disposition.[1]

---

1. The court has noted that the defendants' law firm has filed a motion to compel a physical examination in the workers' compensation proceeding before Judge William J. Hall pursuant to section 314 of the Workers' Compensation Act 77 P. S. §651. That motion was granted on March 12, 2001 and a copy of Judge Hall's decision and order is partially attached hereto and incorporated herein as exhibit "A."

## II. ISSUE

A. *Should the Court Grant Plaintiff's Motion To Preclude Two Independent Medical Examinations When One Would Address the Instant Automobile Accident Injury of June 26, 1997 and the Other Would Address the Workers' Compensation Incident of March 26, 1998?*

## III. DISCUSSION

Pennsylvania Rule of Civil Procedure 4010(a) authorizes a trial court to order the mental or physical examination of a party when the mental or physical condition of that party is in controversy. In addition to the requirement of the party's condition being in controversy, this rule also provides that said examination be granted only on a motion for good cause shown. *John M. v. Paula T.,* 524 Pa. 306, 314, 571 A.2d 1380, 1383 (1990). The good cause requirement is intended to ensure that a plaintiff's privacy is not unduly invaded. *Uhl v. C. H. Shoemaker & Son Inc.,* 432 Pa. Super. 230, 234, 637 A.2d 1358, 1360 (1994); *Brinkley v. King,* 549 Pa. 241, 701 A.2d 176 (1997) and to preclude the use of such examination for improper purposes. *McGratton v. Burke,* 449 Pa. Super. 597, 601-602, 674 A.2d 1095, 1097 (1996) *alloc. denied,* 546 Pa. 667, 685 A.2d 546 (1996). The determination of whether the requisite good cause exists is left to the sound discretion of the trial court and this decision may not be reversed on appeal unless it is manifestly unreasonable and an abuse of discretion is shown, *McGratton, supra.*

Unlike some of the other cases wherein we have addressed involving subsequent and/or supplemental requested independent medical exams, what we have here is essentially a request to conduct two separate exams addressing two separate types of cases and two separate causes of actions, one in personal injury and the other in workers' compensation.

We realize certain principles still apply. As we have noted Pa. R.C.P. 4010(a) does not specifically permit or prohibit more than one examination of a plaintiff, but a defendant bears a heightened burden of demonstrating good cause for multiple medical examinations. See *La Dolce v. Township of Roaring Brook*, 99 Lacka. Jur. 54, 57 (1998); *Wilczynski v. Lackawanna Multi-Purpose Stadium Authority*, 42 D.&C.4th 337 (Lacka. Cty. 1999). See also, 18 Goodrich-Amram2d §4010(a) for a discussion of multiple independent medical exams.

Situations allowing multiple medical exams are cases where there is a new injury since the date of the *initial* examination or where the plaintiff concealed an injury at the time of the *first* examination. *La Dolce, supra* at 57. (emphasis added)

Neither exceptional situation noted above exists here. This case has unusual and unique facts. The court is mindful that the defendant has the right to require the plaintiff to be examined by a physician of defendant's own choosing. This is an adversarial proceeding and these examinations are not meant to be impartial and the outright disqualification or choosing of a physician by the court is beyond the appropriate exercise of judicial discretion. *Harding v. Sears, Roebuck & Co.*, 47 D.&C.3d

591 (1987); *Lesnick v. Ruane,* 48 D.&C.3d 535 (1988); see also, 7 Standard Pennsylvania Practice 2d §37:17 at p. 122.

We realize the argument that the plaintiff may be subjected to two independent medical examinations and we must also note that the plaintiff has elected to file two separate causes of action. Therefore, the examinations are arguably not duplicative but involve legal and factual issues particular to each case. (*i.e.,* the auto accident of June 26, 1997 and the workers' compensation case of March 26, 1998).

We do note, however, that this court must look with heightened scrutiny upon any requests from the defendants to conduct seriatim independent medical exams in this present matter and the workers' compensation action. See *La Dolce, supra* and *Wilczynski, supra.* The plaintiff's right to privacy is critical and worthy of protection by this court and it should not be unduly invaded. See *Uhl, supra.* at p. 3 and *Brinkley, supra,* at p. 3. In this case, the same law firm is involved in both the workers' compensation defense and the defense of this case. A coordinated and considerate effort by counsel for the defense could have avoided this issue with the exercise of consultation with his two respective defense clients and plaintiff's counsel. In that instance, one comprehensive omnibus defense physical examination could have been conducted addressing both cases and causation and yet this has not yet been done nor even attempted!

The court is not unmindful of the spiraling costs of litigation. If such an effort to conduct one coordinated physical examination of the plaintiff was done perhaps

both of the respective defendants represented by the same defense counsel could evenly divide the costs of the IME thus saving the time, resources and expense of two consecutive plaintiff physical exams! Additionally, defense counsel could save both defense clients billable hours by preparing one attorney to conduct the doctor's deposition for both purposes. It is beyond cavil that defense counsel's ability to save their clients time, costs, expenses and billings is certainly worth exploring as part of their professional obligation to their respective clients.

Counsel for the defense have argued that if the defendant in the workers' compensation claim and this case has separate counsel they would clearly have had a right to two separate independent medical examinations. This court does not agree. The considerations of costs, time, expenses, plaintiff privacy, fairness and judicial economy exist even where there are separate defense counsel. Admittedly, it is more difficult to coordinate one IME where there are separate counsel, but this is still a desirable process with a cost effective outcome. If this were not the case, then using the same firm as defense counsel in both the personal injury case and the workers' compensation case with a common plaintiff/claimant might represent a potential conflict of interest for a defense firm performing both defenses.

Common sense, judicial economy, the minimization of costs and expenses to the defense clients and perhaps most importantly, the protection of the plaintiff's right to privacy envisioned by Pa.R.C.P. 4010(a) dictates only one logical result and that is conducting only one comprehensive omnibus independent medical ex-

amination addressing all the injuries flowing from both the auto accident herein and the workers' compensation injury addressed by Judge William J. Hall. (See exhibit "A".) Certainly, such an approach can be crafted to address questions of causation and severity as to which incident, if any, caused what proportions of the plaintiff's alleged injuries.

Proceeding in such a manner addresses the issues of fair play envisioned by Pa.R.C.P. 4010(a) by balancing the defendant's rights with those of the plaintiff's right to privacy. Therefore, it is the ruling of this court that defense counsel is ordered to coordinate the performance of one comprehensive omnibus physical examination of this plaintiff which shall be performed in such a manner as to address both this cause of action and the workers' compensation action. If the physical examination for the compensation claim has already been conducted then the defendant in this case shall be entitled to request a supplemental report. If the physical exam of the plaintiff has not yet been performed than one comprehensive omnibus defense physical examination should be coordinated and conducted.

In the absence of a new injury since an initial examination or the concealment of an injury by the plaintiff, the law dictates such a result and therefore an appropriate order follows.

And now to wit, March 27, 2001, upon consideration of plaintiff's motion to preclude duplicative independent medical examinations and the able written and verbal arguments of counsel both in support of and in opposition thereto and in accordance with the foregoing memorandum, it is hereby ordered and decreed that

plaintiff's motion to preclude duplicative independent medical examinations is granted.

It is further ordered that defendant will be allowed to conduct one comprehensive omnibus independent medical examination with a physician of their own choosing. Said physical examination of the plaintiff will address all necessary issues both in regard to the subject auto accident of June 26, 1997 and the interplay, if any, with the workers' compensation incident of March 26, 1998.

Any further requests for supplemental examinations will be met with the heightened scrutiny required by law.

The parties are also ordered to cooperate with each other and consult with their clients and proceed in a manner consistent with this memorandum and order.

———

EXHIBIT "A"

HALL, *WCJ*, March 12, 2001—

FINDINGS OF FACT

(1) The employer/insurer filed a petition for physical examination with the Bureau of Workers' Compensation alleging claimant was requested to submit to a physical examination on December 23, 1999 by Dr. Thomas Byron and claimant refused or failed to appear for said examination.

(2) Claimant has not been examined by a physician chosen by the employer/insurer.

(3) Claimant should be examined by a physician chosen by the employer/insurer to determine the extent of claimant's injury and disability, if any.

(4) Employer/insurer's request for a physical examination of the claimant is reasonable under the Act and should be granted.

## CONCLUSIONS OF LAW

(1) All parties to these proceedings are bound by the provisions of the Workers' Compensation Act, as amended.

(2) Employer/insurer's request for a physical examination of the claimant is reasonable under the Act and claimant shall submit to an examination by Dr. Thomas Byron at such time, date and place as designated by the employer/insurer. In the event claimant fails to comply with this order, compensation payments may be suspended by subsequent order.

## ORDER

And now, March 12, 2001, employer/insurer's petition for physical examination is hereby granted.

Claimant is ordered and directed to submit to a physical examination by Dr. Thomas Byron, such independent medical expert as designated by the employer/insurer, upon proper notice of that name of the physician and the date, time and place of the examination. Failure to comply with this order could result in the issuance of an order suspending claimant's workers' compensation payments.